UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
BRIGIDA DEMEO,

        Plaintiff,

   -against-

JO ANNE B. BARNHART,
COMMISSIONEROF SOCIAL
SECURITY,

        Defendant.
-------------------------------x

**MEMORANDUM & ORDER**

Civil Action No. 01-6586
(DRH)

**Appearances:**

**LeBoeuf, Lamb, Green & Macrae, LLP**
Attorneys for Plaintiff
125 West 55th Street
New York, NY 10019
By:    William P. Bodkin, Esq.

**Roslynn R. Mauskopf**
United States District Attorney
Eastern District of Ne wYork
Attorney for Defendant
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
By:    Denise McGinn, Esq.

**HURLEY, Senior District Judge:**

This civil action seeks review of a final determination by the Commissioner of Social Security that Plaintiff is not entitled to retirement insurance benefits from 1988 to 1996. Plaintiff, Brigida DeMeo ("Plaintiff"), has moved for judgment on the pleadings and Defendant, Jo Anne B. Barnhart, Commissioner of Social Security ("Defendant" or "Commissioner"), has cross-moved for judgment on the pleadings. For the reasons set forth below, Plaintiff's motion is

DENIED and Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff began collecting widow's insurance benefits in 1974 upon reaching the age of sixty. (Tr. 45, 48)[1]  In or about February 1988, Plaintiff retired and moved from Queens County to Suffolk County, New York to live with her niece.  To insure continued receipt of her benefit checks, Plaintiff had her niece call the local Suffolk County office of Social Security Administration ("SSA") to notify the SSA of Plaintiff's change of address and change of status to that of retiree.  According to the Amended Complaint, Plaintiff's niece asked the SSA representative if Plaintiff's retirement would affect her widow's benefits and was advised that an SSA representative would look into it and contact her.  The SSA's records indicate a change of address for February 18, 1988.   There was no further communication  to or from the SSA for over nine years.

By letter dated June 17, 1997, the SSA notified Plaintiff that her monthly benefits could increase by $123.00 per month if based on her own earnings record and status as a retiree, instead of a widow.  Plaintiff went to the local SSA district office and applied for retirement benefits. The SSA granted her application, and found that Plaintiff became eligible for higher benefits as a retiree in December 1996, six months prior to June 17, 1997.  No explanation was offered for what prompted the June 1997 notice.

Plaintiff then sought reconsideration of the award arguing that her own earnings record should have provided her with a higher benefit well before 1997.  Reconsideration was denied on the grounds that an application must be filed in order to receive retirement insurance benefits and

---

[1] References to 'Tr.' are to the administrative record filed in this case.

the maximum amount of retroactivity had already been granted to Plaintifff.

Plaintiff then requested a hearing. After the hearing, the ALJ denied the application. In his decision denying further benefits, the ALJ assumed that Plaintiff's niece did inquire in February 1988 whether Plaintiff's retirement would affect the amount of her widow's benefits and further assumed that she was told that SSA would look into it. He pointed out that the Plaintiff's niece did *not* contend that she had asked:

> whether she could or should file an application for retirement insurance benefits, so she was not given a negative response, which may or may not have been an incorrect answer at the time (the record does not reflect at what point the claimant accumulated sufficient earnings to achieve a higher benefit rate on her own earnings record, rather than that her late husband's earnings record). At most, the testimony of claimant's niece establishes that an SSA employee agreed to let the claimant know whether the claimant's widow's insurance benefits would be affected by her retirement and failed to follow up. Such inaction does not constitute "misinformation" that prevented the claimant from filing an application for retirement insurance benefits. . . . The claimant was free to file a new claim at any time, but she and her family also failed to follow up until contacted by SSA some nine years later. Such inactivity by SSA and by the claimant is unfortunate, but any such failure to act is not "misinformation" within the meaning of the statute or pursuant to the Supreme Court's decision in *Schweiker v. Hansen*. . . . There simply is no evidence here that would warrant a conclusion that the claimant was misinformed by SSA, or that any such "misinformation" was the reason that she failed to file a new application until June 1997.

Tr. at 12-13. Plaintiff requested a review of the ALJ's decision by the SSA appeals council which was denied. This action, seeking the equivalent of $123.00 per month since Plaintiff's 1988 retirement, then followed.

## DISCUSSION

### I. Standard of Review of the ALJ's Decision

In reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court may set aside a determination of the ALJ only if it "based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks and citation omitted). "Substantial evidence is 'more than a mere scintilla,' and is 'such relevant evidence as [a] reasonable mind might accept as adequate to support a conclusion.'" *Jasinski v. Barnhart,* 341 F.3d 182, 184 (2d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Furthermore, the findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and thus, the reviewing court does not decide the case de novo. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (internal quotation marks and citation omitted).

### II. Contentions of the Parties

Plaintiff argues that the ALJ ignored applicable legal principles in rendering his decision. According to Plaintiff, under 42 U.S.C. § 402(k)(2)(b) and 20 C.F.R. § 404.337, the SSA had a duty to notify an individual receiving widow's benefits of the appropriate time to apply for retirement benefits. Plaintiff also contends that the decision of the ALJ was unsupported by substantial evidence because the Defendant provided no proof that Plaintiff was not provided with misinformation.

Defendant responds that in order for Plaintiff to become entitled to retirement benefits,

4

she must have applied for benefits or alternatively established a protective writing preserving her intent to file for such benefits. She did neither. Defendant also argues that Plaintiff had the burden to prove she was mislead and did not sustain her burden.

### III. *Application of Governing Law to the Present Facts.*

The ALJ did not commit legal error by failing to consider 42 U.S.C. 402(k)(2)(b) and 20 C.F.R. § 404.337. The aforementioned statute and regulation deal with, inter alia, the eligibility of an individual who, when receiving a lesser benefit, becomes entitled to a greater benefit. However, in order to become entitled to benefits, one must file an application. 42 U.S.C. § 402 (a); 20 C.F.R. §404.603; *Watson v. Califano,* 487 F. Supp. 179, 184 (S.D.N.Y. 1979) ("An individual who qualifies for benefits is not entitled to such automatically; application for benefits is a prerequisite to entitlement."), *aff'd,* 622 F.2d 577 (2d cir. 1980); *see also Morton v. Barnhart*, 2003 WL 1856530, *4 (S.D.N.Y. 2003) (citing cases). Thus, the statement in the regulations, upon which Plaintiff relies, to wit: "[w]e will end your entitlement to widow's or widower's benefits at the earlier of (1) the month before the month in which you become entitled to an old-age benefit that is equal to or larger than the insured primary amount," assumes an application for retirement benefits. Here, Plaintiff did not file an application prior to June 1997. Accordingly, the ALJ committed no legal error.

Additionally, the ALJ's decision that Plaintiff failed to establish that she was misinformed by the SSA is supported by evidence that a "reasonable mind might accept as adequate to support a conclusion." *Jasinski,* 341 F.3d at 184. The burden of proof lies with the complaining party to demonstrate that misinformation received from the SSA was the cause of a delay in the application for benefits. *See Thorp v. Apfel,* 1998 U.S. Dist. Lexis 15468 (W.D.N.Y.

1998) (citing *Grubart v. Shalala,* 913 F. Supp. 243, 247 (S.D.N.Y.), *aff'd,* 104 F.3d 353 (2d Cir. 1996)). Plaintiff did not meet her burden.

Section 402(j)(5) provides that:

> In any case in which it is determined to the satisfaction of the Commissioner of Social Security that an individual failed as of any date to apply for monthly insurance benefits under this title by reason of misinformation provided to such individual by any officer or employee of the Social Security Administration relating to such individual's eligibility for benefits under this title, such individual shall be deemed to have applied for such benefits on the later of--
> **(A)** the date on which such misinformation was provided to such individual, or
>
> **(B)** the date on which such individual met all requirements for entitlement to such benefits (other than application therefor).

42 U.S.C. § 402(j)(5). The relevant regulations define misinformation as "'information [the SSA] considers to be incorrect, misleading, or incomplete in view of the facts which the [claimant] gave to the employee, or of which the employee was aware or should have been aware." 20 C.F.R. § 404.633(c)(2).

Here neither Plaintiff nor her niece alleged that they were dissuaded from applying for retirement benefits by an SSA employee. Rather they took no action for nine years simply because an SSA employee did not advise Plaintiff or her niece which form of benefits provided the greatest income. Without a showing of a more affirmative statement as required by 42 U.S.C. § 402 and 20 C.F.R. § 404.633, plaintiff did not demonstrate that she received, and subsequently acted or failed to act as a result of, misinformation. *See Vargo v. Sec. of Health & Human Servs.,* 913 F. Supp. 157, 160 (W.D.N.Y. 1995) (applicant failed to sustain his burden of

proving that he received misinformation from SSA which excused his failure to file timely application and thus applicant was not entitled to retroactive benefits based on his wife's earning s record).: *Grubert,* 913 F. Supp. 247 (claimant for spouse's benefits was entitled to those benefits as of month she applied rather than month she was eligible, despite her claim that she delayed because she was erroneously advised that she could not apply for benefits until she reached 65, because claimant did not meet her burden of proving she had received misinformation from the SSA); *cf. Morgan v. Heckler*, 779 F.2d 554, 545 (9th Cir. 1995) (rejecting claim of estoppel where there was no evidence that claimant inquired about her eligibility for benefits but rather simply sought estimate of amount of benefits she might hope to receive).  The ALJ's decision was supported by substantial evidence.

### *Conclusion*

For the reason set forth above, Plaintiff's motion for judgment on the pleadings is DENIED and Defendant's motion for judgment on the pleadings is GRANTED.  The Clerk of Court is directed to close this case.

Dated: Central Islip, New York
April 3, 2007

/s/
Denis R. Hurley
Senior District Judge